**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-7016**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WAYNE L. LEWIS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Roderick Charles Young, District Judge.  (3:24-cr-00061-RCY-1)

─────────────

Submitted:  May 21, 2026                           Decided:  May 27, 2026

─────────────

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Wayne L. Lewis, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne L. Lewis seeks to appeal the district court's order in his criminal case rescheduling the date of his sentencing hearing.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Under the final judgment rule, federal appellate court jurisdiction is limited to reviewing final decisions of the district court." *United States v. Sueiro*, 946 F.3d 637, 639 (4th Cir. 2020) (internal quotation marks omitted). "In the criminal context, this means that this [c]ourt generally does not have appellate jurisdiction until after the imposition of a sentence." *Id.* "This final judgment rule requires that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (internal quotation marks omitted). "[T]he final judgment rule is 'at its strongest in the field of criminal law,' because of the compelling interest in the speedy resolution of criminal cases." *Sueiro*, 946 F.3d at 640 (quoting *Flanagan*, 465 U.S. at 264-65).

The order that Lewis seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. *See Sueiro*, 946 F.3d at 640-42. Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*